UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHAYNE CARSON,

      Petitioner,

v.                                                                    Case No: 5:25-cv-168-JSS-PRL

WARDEN, FCC COLEMAN -
LOW,

      Respondent.

_____

## **ORDER**

Petitioner, Shayne Carson, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 5). Petitioner is incarcerated at Federal Correctional Institution, Coleman—Low. (*Id.* at 1.) He claims that the Bureau of Prisons (BOP) unlawfully failed to apply his credits under the First Step Act (FSA) that would lead to his immediate release to a residential reentry center or home confinement. (*Id.* at 6.) *See* 18 U.S.C. § 3624(b) (stating that certain prisoners "may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations."). He moves for a temporary restraining order or a preliminary injunction directing the BOP to release him to home confinement immediately. (Dkt. 14.)

Injunctive relief "is an extraordinary and drastic remedy." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quotation omitted). The movant must demonstrate: (1) "a substantial likelihood of success on the merits," (2) "that irreparable injury will be suffered if the relief is not granted," (3) "that the threatened injury outweighs the harm the relief would inflict on the non-movant," and (4) "that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Besides his own allegations, Petitioner provides almost no support for his claims and does not demonstrate that he actually earned the credits to which he claims he is entitled. (*See* Dkt. 14.) Accordingly, Petitioner has failed to demonstrate a substantial likelihood that he will succeed on the merits, and this alone is sufficient to deny his motion. *See Schiavo*, 403 F.3d at 1226 ("[I]njunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion."). Petitioner's failure to make any argument as to the other three criteria, (*see* Dkt. 14), is an additional reason to deny his motion, *see Schiavo*, 403 F.3d at 1225–26.

Moreover, Petitioner's motion is largely duplicative of his amended petition for writ of habeas corpus, in which he also argues that he is entitled to home confinement and that the BOP has failed to calculate and apply his federal time credits under the FSA. (*Compare* Dkt. 5, *with* Dkt. 14.) Other courts in this circuit have questioned the propriety of granting injunctive relief in such situations. *See Kent v. Warden, FPC Pensacola*, No. 3:24cv599-MCR-MAL, 2025 WL 1212844, at *1 (N.D. Fla. Feb. 13,

2025) ("The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, not to grant most or all of the substantive relief sought in the complaint."), *report and recommendation adopted by* 2025 WL 1207330, at *1 (N.D. Fla. Apr. 25, 2025); *Taylor v. Georgia*, No. 5:22-cv-123-TEX-CHW, 2022 WL 1633643, at *2 (M.D. Ga. May 2, 2022) (citing Fed. R. Civ. P. 65).    The court determines that Respondent should be "afforded an opportunity to respond to [Petitioner]'s allegations in his . . . amended petition," and any renewed "claims for injunctive relief can be addressed as this case proceeds.    *Kent*, 2025 WL 1212844, at *2.

Accordingly, Petitioner's motion (Dkt. 14) is **DENIED**.

**ORDERED** in Orlando, Florida, on June 16, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party
Counsel of Record

- 3 -